# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JASON BOUDREAU,
    Petitioner,

v.                                C.A. No. 23-259-JJM-PAS

STATE OF RHODE ISLAND,
    Respondent.

## ORDER

Jason Boudreau filed a "Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody." ECF No. 1. Mr. Boudreau asserts two grounds in support of his petition: one, that the State withheld information from him during the litigation of his criminal charge (that is, a flash drive); and two, ineffective assistance of counsel. The State moves to dismiss the petition as untimely. ECF No. 13. Mr. Boudreau responds by asserting that neither reason for his habeas should be time-barred. After reviewing the important dates highlighted in the briefing, the Court finds that Mr. Boudreau did not timely file his federal habeas petition.

Mr. Boudreau pleaded *nolo contendrere* to possession of child pornography in Rhode Island Superior Court on January 2, 2014. Almost three years later he applied for post-conviction relief in the Rhode Island Superior Court. The court denied his petition and Mr. Boudreau timely filed a writ of certiorari with the Rhode Island Supreme Court. The court denied his petition on May 19, 2022.

Mr. Boudreau filed his federal habeas petition in this Court on June 14, 2023.

Federal law mandates that a "one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The period is tolled "during [the time in] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). At the very latest, federal law required Mr. Boudreau to file his habeas petition on or before May 18, 2023. [1] Mr. Boudreau's petition, filed one year and 26 days after the exhaustion of his state court remedies, is untimely.

In response to the State's timeliness arguments, Mr. Boudreau first asserts that the Court should find that he timely filed because the State did not turn over the flash drive to him—and still has not turned it over to him—in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). The problem with his argument[2] is that Mr. Boudreau admits that he knew about the withheld flash drive in "Mar-July 2014." ECF No. 12 at 4. He then argues that the time limit to file his federal habeas has not run because the State still has not turned it over to him and that "without that withheld flash drive, it would be impossible to submit a 2254 petition as to those claims." ECF No. 21-1 at 1. But that is precisely what he did here. The alleged nondisclosure of the flash drive did not impede his ability to file either a state post-conviction relief application or this federal habeas petition. This Court cannot

---

[1] The State makes a valid argument that his ability to file his federal petition expired long before that because he waited almost three years before he filed his first post-conviction relief petition in the state court.

[2] It is also problematic that he did not raise the *Brady* claim in his petition for certiorari to the Rhode Island Supreme Court.

2

consider an untimely habeas petition.

Second, in the face of the State's timeliness arguments, Mr. Boudreau asks this Court to employ equitable tolling to save his petition from being time-barred. "[A] court may apply equitable tolling if the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McCants v. Alves*, 67 F.4th 47, 51 (1st Cir. 2023) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Mr. Boudreau does not meet the requirements of equitable tolling for a few reasons. First, he has not pursued his rights diligently. Mr. Boudreau rests his equitable tolling claim on the State's alleged nondisclosure of the flash drive. ECF No. 19 at 5-6. But he learned about the nondisclosure in 2014, and that served as the basis for one of the claims that he raised in his state post-conviction relief application and serves as the predicate for the claim that he advances in this Court. ECF No. 12 at 5; ECF No. 1 at 5; ECF No. 14-3 at 7-13. Nothing prevented Mr. Boudreau from raising this claim in a timely filed habeas petition. Second, there are no extraordinary circumstances that stood in the way to prevent him from timely filing this claim, as early as 2014.

The Court GRANTS the State's Motion to Dismiss. ECF No. 13. The Court therefore DISMISSES Mr. Boudreau's Habeas Petition as untimely filed. ECF No. 1.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

April 10, 2024